(Reap. Dec. 11104)

MANHATTAN NOVELTY CORP. *v.* UNITED STATES

Entry No. 878730.

(Decided November 18, 1965)

*Lane, Young & Fox* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Judge: The following appeal for reappraisement is before me for decision on a written stipulation, reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the parties hereto, subject to the approval of the Court:

That the merchandise covered by the above appeal for reappraisement consists of guitars exported from Japan subsequent to February 27, 1958.

That the guitars are not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958; and that the said merchandise was entered for consumption subsequent to February 27, 1958.

That the issues and facts involved herein are the same in all material respects as those involved in *Manhattan Novelty Corp.* v. *United States*, Reap. Dec. 10888, wherein it was held that a buying commission paid to Hiraoka & Co., Ltd. by the plaintiff is a nondutiable item; and that the record in said case may be incorporated in and made a part of the record herein.

That on or about the date of exportation of the said merchandise, the price at which such or similar merchandise was freely sold, or, in the absence of sales, offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the appraised value, less the buying commission, as stated on the invoice.

IT IS FURTHER STIPULATED AND AGREED that the above appeal for reappraisement may be submitted for decision upon this stipulation.

On the agreed facts and following the cited decision on the law, I find that the proper basis for appraisement of the merchandise in

question, as hereinabove identified, is export value, as defined in section 402(b), Tariff Act of 1930, as amended, and that such statutory value is the appraised value, less the buying commission, as stated on the invoice.

Judgment will be rendered accordingly.